UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br><br>    Petitioner,<br><br>v.<br><br>RONALD RACKLEY, Warden,<br><br>    Respondent. | Case No. 17-cv-04222-HSG (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 11, 16, 18, 19 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition, and Respondent has filed a reply.[1]

## BACKGROUND

In 2012, Petitioner was convicted by a Marin County jury of several felonies, including corporal injury on a cohabitant, making criminal threats, dissuading a witness, and false imprisonment. Ex. A.[2] He was sentenced to 22 years and 8 months in state prison. *Id.* On May 1, 2015, the state appellate court affirmed his conviction. *Id.* On August 12, 2015, the California Supreme Court denied review. Ex. C.

Petitioner then filed this action, seeking a federal writ of habeas corpus. The proof of service on the petition has a signature date of July 17, 2017 and was stamped "filed" at the Court

---

[1] Petitioner has also filed three documents entitled "Motion for Rule 201. Judicial Notice of Adjudicative Facts." Dkt. Nos. 16, 18, 19. While portions of these documents address the merits of the petition, other portions address it timeliness. The Court will therefore construe the documents as a sur-reply.

[2] All references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.

1  on July 25, 2017. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed the proof of service, i.e., July 17, 2017, and deem the federal petition filed as of that date.

**DISCUSSION**

**A.     Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. As a general rule, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Here, because Petitioner did not seek a writ of certiorari from the United States Supreme Court, petitioner's judgment became final on November 10, 2015, ninety days after the state supreme court denied review on August 12, 2015. Petitioner therefore had one year, or until November 10, 2016, to file his federal habeas petition. *Evans v. Chavis*, 546 U.S. 189, 200 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). The instant petition was filed July 17, 2017, more than eight months after the limitations period expired.

Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2). Here,

1  however, Petitioner did not file any state habeas petitions and is therefore not entitled to Section 2244(d)(2) tolling. The instant petition is therefore untimely unless Petitioner is entitled to equitable tolling.[3]

## B. Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citing *Stillman*, 319 F.3d at 1203). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner argues he is entitled to equitable tolling because: (1) he suffered a brain injury in 1969, and the combination of that injury and the medications to treat it have made him incapable of understanding court proceedings and legal principles; (2) he was placed in administrative

---

[3] A delayed petition can also be rendered timely if a petitioner is entitled to delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D); or if the "miscarriage of justice" exception applies, *see McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013) (miscarriage of justice (actual innocence) showing applies to claims filed after AEDPA statute of limitations has run). Petitioner does not argue that any of these exceptions are applicable to his petition, so the Court does not discuss these exceptions.

3

segregation for five months with no access to his trial transcripts or to the law library; and (3) he is a layman of law. *See* Dkt. No. 13 at 1-3.[4]

Severe mental illness is an extraordinary circumstance beyond a prisoner's control that justifies equitable tolling. *See Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (holding that a petitioner's alleged mental impairment justifies equitable tolling at least until a competency hearing), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202, 209 (2003). Eligibility for equitable tolling due to mental impairment requires a petitioner to meet a two-part test: (1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing; (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

Petitioner's primary exhibit relating to his mental competence is a psychologist report prepared by the San Francisco Department of Public Health in early 2010. Dkt. No. 13 at 8-14. The report documents that Petitioner suffered a childhood brain injury when he was struck by a car while riding his bicycle. Petitioner reported to the psychologist that the accident left him with memory problems. He also attributed difficulty reading and persistent headaches to the accident. The report notes that psychological testing confirmed that Petitioner was "in the borderline range of intelligence" and performed academically at a 6th grade level. Dkt. No. 13 at 10-11. Finally,

---

[4] Petitioner also argues that his state attorneys rendered ineffective assistance of counsel by failing to assert his mental incompetence at trial and on direct appeal. *See* Dkt. No. 13 at 2-3. However, any ineffectiveness of counsel at trial or on appeal would not affect petitioner's ability to timely file a federal habeas corpus petition. Petitioner is proceeding *pro se* in this action, and one of the exhibits to his opposition is a letter to him from his state appellate attorney which clearly indicates that the attorney never intended to represent Petitioner on federal habeas corpus. *See* Dkt. No. 13 at 5-6. That letter listed the appropriate forums for state and federal habeas corpus petitions and explained how Petitioner could obtain his trial transcripts. *See id.* Consequently, Petitioner cannot assert attorney error as a cause for the late filing of his federal habeas corpus petition.

4

testing confirmed Petitioner had "moderate to severe impairment in the recall of verbal information" and a "rapid decay" of short term memory. *Id.* at 11.

In his reply, Respondent argues that the report was prepared in 2010, i.e., prior to the period for which Petitioner requests tolling. Respondent also points out that the report shows: (1) Petitioner had taken college classes in Criminal Justice; (2) Petitioner's poor results on some mental tests may have been due to his lack of effort; and (3) Petitioner could be, at times, "very perceptive and capable of sizing up social interactions, using this information to his advantage." *Id.* at 9, 10, 12. Respondent argues that the report gives "no indication that petitioner would be unable to understand the nature of a trial or the relevant legal principles." Dkt. No. 14 at 4.

The Court is not persuaded at this juncture that the record fails to establish that Petitioner suffers from a severe mental impairment that made it impossible for him to meet the filing deadline. In assessing an equitable tolling claim based on mental impairment, the Court must take care not to deny a request for equitable tolling before a sufficient record can be developed. In *Laws v. Lamarque*, the Ninth Circuit reversed the district court's order granting a motion to dismiss because it failed to develop the record in response to Laws's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003). The record before the district court at the time it dismissed the petition showed that a divided panel of psychiatric experts had concluded that Laws was competent at the time of his trial. However, the record did not contain any medical records from the period for which equitable tolling was requested. *Id.* at 923. Further, the respondent had not provided any evidence to rebut Laws's assertion that he was "deprived [ ] of any kind of cons[ci]ousness." *Id.* at 924 (alterations in original). The Ninth Circuit determined that a district court should not require the petitioner to "carry a burden of persuasion" at the time he asserts equitable tolling to merit further investigation into the merits of his arguments for tolling. *Id.* Instead, Ninth Circuit cases require only that there be "circumstances consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable tolling" to trigger further factual development of the record. *Id.* (first omission in original) (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law

5

library and, if so, the legal significance of such a finding)). The Ninth Circuit ultimately found that the district court erred in granting judgment against Laws because, in light of the inadequate record and unrebutted assertions before it, "[i]t [was] enough that Laws 'alleged mental competency' in a verified pleading." *Laws*, 351 F.3d at 924 (citation omitted).[5] The Ninth Circuit was careful to point out, however, that "a petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced." *Id.* Therefore, the Ninth Circuit held that Laws was entitled to further factual development or an evidentiary hearing on the issue of whether he was precluded from filing his petition by reason of mental impairment. *Id.* Thus, under *Laws*, a district court may not grant a motion to dismiss merely because a petitioner fails to provide evidence beyond conclusory statements to support his claim for equitable tolling. Rather, the district court may only dismiss a claim in the presence of a sufficiently developed record containing "countervailing evidence" that rebuts a petitioner's claim. *Id.*

In *Laws*, the record contained no medical reports from the period during which the petitioner claimed to be incompetent. *Id.* at 923. Furthermore, the state had offered no evidence that he was competent in the years when his petition should have been filed. *Id.* The present case differs slightly in that Petitioner's opposition contains his list of medications from December 2016 and "Test of Adult Education" results from February 2017. Dkt. No. 13 at 19, 25. Still, the Court finds the record is not sufficiently developed for consideration because it lacks Petitioner's complete mental health reports relating to his mental impairment from the start of the limitations period on November 10, 2015 (date judgment became final) through the date his federal petition was deemed filed on July 17, 2017. Further, Respondent has not offered any "countervailing evidence" in the form of mental health reports showing that Petitioner did not suffer from mental impairment during the relevant time period. Based on the record before it, the Court cannot determine whether Petitioner is entitled to equitable tolling due to his alleged mental impairment.

Accordingly, Respondent's motion to dismiss the petition as untimely will be DENIED.

---

[5] Although Petitioner's opposition is not verified, his claim that he suffers from a brain injury is included in his petition, which is verified. *See* Dkt. No. 1 at 10.

6

United States District Court
Northern District of California

This denial is without prejudice to renewing the motion, provided that Respondent can demonstrate that Petitioner did not suffer from a mental impairment (that caused the untimely filing of his federal petition) with "countervailing evidence" that rebuts Petitioner's claim for equitable tolling, including relevant authenticated mental health reports. If Respondent files a renewed motion to dismiss addressing this equitable tolling issue, Petitioner shall be given the opportunity to file an opposition. Petitioner shall also include supporting documents to counter Respondent's argument against equitable tolling based on mental impairment, such as any additional relevant mental health records. Petitioner is not precluded from renewing his claim of equitable tolling based on his alleged lack of access to the library and to his trial transcripts during his confinement in administrative segregation. However, if Petitioner renews this claim in his opposition to any renewed motion to dismiss, the Court directs Petitioner to specify the dates of such confinement and elaborate on his efforts to obtain his transcripts and to utilize the library in order to show that he was diligent in trying to do so.[6] Finally, Respondent shall file a reply to Petitioner's opposition. The parties shall abide by the briefing schedule outlined below.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the petition as untimely is DENIED without prejudice to renewing the motion and addressing the equitable tolling issues set forth above no later that **sixty (60)** days from the date of this Order. If Respondent chooses to file a renewed motion, Petitioner shall file an opposition, no later than **twenty-eight (28)** days from his receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14)** days from the receipt of any opposition.

2. Should Respondent decide not to file a renewed motion to dismiss, Respondent is directed to SHOW CAUSE why the petition should not be granted by filing an Answer with the Court, and serving it upon Petitioner, no later than **sixty (60)** days from the date of this Order.

---

[6] Petitioner's contention that he has no knowledge of the law is insufficient for equable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se* petitioner's lack of legal sophistication, by itself, is not extraordinary circumstance warranting equitable tolling).

7

The Answer shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases. Respondent shall file with the Answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Respondent chooses to file an Answer and if Petitioner wishes to respond to the Answer, Petitioner shall do so by filing a Traverse with the Court and serving it on Respondent no later than **thirty (30)** days of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision thirty days after the date Petitioner is served with Respondent's Answer.

This Order terminates Dkt. Nos. 11, 16, 18, and 19.

**IT IS SO ORDERED.**

Dated: 7/23/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge