United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br><br>Petitioner,<br><br>v.<br><br>RONALD RACKLEY,<br><br>Respondent. | Case No. 17-cv-04222-HSG (PR)<br><br>**ORDER GRANTING RESPONDENT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DENYING PETITIONER'S REQUEST FOR COUNSEL**<br><br>Re: Dkt. Nos. 30, 31 |

**INTRODUCTION**

On July 17, 2017, Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2017, the Court issued an order to show cause. On December 1, 2017, Respondent filed a motion to dismiss the petition as untimely, arguing that it was filed more than eight months after the limitations period had expired. Petitioner filed an opposition, arguing he was entitled to equitable tolling on the basis of mental impairment. Petitioner's primary evidence was a psychologist's report prepared by the San Francisco Department of Public Health in early 2010 documenting that Petitioner had suffered a childhood brain injury.

On July 23, 2018, the Court provisionally denied Respondent's motion to dismiss, finding the record was not fully developed because it did not include Petitioner's complete mental health reports from the start of the limitations period on November 10, 2015 through the date his federal petition was deemed filed on July 17, 2017. On the record before it, the Court could not determine whether Petitioner was entitled to equitable tolling due to his alleged mental impairment. Respondent's motion was denied without prejudice to filing a renewed motion supported by evidence that Petitioner did not suffer from a mental impairment that caused the untimely filing of his federal petition, including relevant authenticated mental health reports.

Respondent has a filed a "submission of documents and further argument in support of motion to dismiss habeas corpus petition as untimely." Dkt. Nos. 31-3. Respondent seeks to file

1 the unredacted version (Dkt. No. 31-4) under seal. Also before the Court is Petitioner's renewed request for appointment of counsel. Dkt. No. 30.

## DISCUSSION

### A. Administrative Motion to File Under Seal

Respondent seeks to file under seal materials related to his supplemental submission, on the grounds that the materials contain Petitioner's confidential medical and mental health records from the California Department of Corrections and Rehabilitation. Dkt. No. 31. Petitioner has not filed an opposition.

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual

2

basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

The records sought to be sealed here are unrelated to the merits of the underlying habeas claims. Because the motion to dismiss is potentially dispositive, however, the Court will apply the "compelling reasons" standard. In this instance there are compelling reasons justifying sealing the redacted portions of Respondent's supplemental submission. These pages contain petitioner's sensitive medical and mental health information, which are entitled to a strong presumption of privacy. *See* Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.); California's Confidentiality of Medical Information Act, Cal. Civil Code § 56, *et seq.* The sealing of these records will protect the confidentiality of Petitioner's personal information. Accordingly, the motion will be GRANTED.

**B.     Request for Counsel**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Unless an evidentiary hearing is

3

required, the decision to appoint counsel is within the discretion of the district court. *See Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request will be DENIED without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary. However, the Court will *sua sponte* grant Petitioner an extension of time to file his response to Respondent's supplemental submission.

## CONCLUSION

In light of the foregoing, the Court orders as follows,

1. Respondent's administrative motion is GRANTED. The Clerk shall file Docket No. 31-4 under seal.

2. Petitioner's renewed request for counsel is DENIED without prejudice. The Court sua sponte grants Petitioner an extension of time to **November 13, 2018** to file his response to Respondent's supplemental submission of documents supporting the motion to dismiss. Respondent shall file with the Court and serve on Petitioner a reply no later than **fourteen (14)** days from the receipt of any response.

This order terminates Dkt. Nos. 30 and 31.

**IT IS SO ORDERED.**

Dated: 10/10/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4