UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br>　　Petitioner,<br>　v.<br>RONALD RACKLEY, Warden,<br>　　Respondent. | Case No. 17-cv-04222-HSG (PR)<br><br>**ORDER DENYING RESPONDENT'S RENEWED MOTION TO DISMISS; DENYING PETITIONER'S MOTION FOR RECALL OF SENTENCE; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 31, 37 |

**INTRODUCTION**

On July 25, 2017, Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 29, 2017, the Court ordered respondent to show cause as to why the petition should not be granted. Respondent moved to dismiss the petition as untimely. By order entered, July 23, 2018, the Court agreed that Petitioner had missed his filing deadline by more than eight months. The Court found, however, that Petitioner could be entitled to equitable tolling on the basis of mental impairment. Specifically, Petitioner presented evidence that he had sustained a brain injury as a child that left him with memory problems and potentially other disabilities. The Court could not determine whether equitable tolling applied because it lacked a complete mental health record for the time between the start of petitioner's statute of limitations period and the time he filed his petition. The Court specifically noted that Respondent had not offered countervailing evidence showing that Petitioner did not suffer from a mental impairment during the relevant time period. Accordingly, the motion to dismiss was denied without prejudice to Respondent filing a renewed motion supported by such countervailing

evidence. On September 21, 2018, Respondent filed a "submission of documents and further argument in support of motion to dismiss habeas corpus petition as untimely," which the Court construes as a renewed motion to dismiss. Dkt. No. 31. Petitioner has filed an opposition, and Respondent has filed a reply. Dkt. No. 33.[1] Petitioner has also filed a motion requesting a recall of his sentence. Dkt. No. 37.

## DISCUSSION

### A. Respondent's Renewed Motion to Dismiss

Respondent has filed a copy of Petitioner's complete prison mental health record since his state conviction in 2013. Dkt. No. 31-4. Respondent argues that the record provides no basis for a finding that Petitioner suffered from a mental impairment that prevented him from timely filing his federal habeas petition. The Court disagrees. Because Petitioner's mental health record is under seal as containing sensitive medical and mental health information, the Court will not go into detail as to its contents. Suffice it to say that the record shows that Petitioner is currently included in the California Department of Corrections and Rehabilitation's developmental disability program, a fact that Petitioner attests to in his sur-reply. *See* Dkt. No. 34. Further, Petitioner's childhood brain trauma is mentioned throughout his extensive mental health record, and a psychological evaluation conducted as recently as last year could not rule out brain injury.

On the current record, there appear to be genuine issues of fact with respect to whether Petitioner is entitled to equitable tolling on the basis of mental impairment. A resolution of the issue would likely require further extensive proceedings, most likely through an evidentiary hearing. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner [] should receive an evidentiary hearing when he makes 'a good faith allegation that would, if true, entitle him to equitable tolling.'") (quoting *Laws v. LaMarque*, 351 F.3d 919, 919 (9th Cir. 2003)). Petitioner's application for habeas relief itself, however, presents relatively straightforward issues. Although a procedural issue such as the statute of limitations should ordinarily be resolved first,

---

[1] Petitioner failed to file a copy of his opposition with the Court. It is attached as an exhibit to Respondent's reply. *See* Dkt. No. 33-1. Petitioner later filed what appears to be a sur-reply. *See* Dkt. No. 34.

2

the statute of limitations is not jurisdictional[2], and "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). In the present case, it appears to be more judicially efficient to adjudicate Petitioner's claims on the merits. Accordingly, the Court will deny Respondent's renewed motion to dismiss and order Respondent to file an answer addressing the merits of Petitioner's claims.

**B.     Petitioner's Motion for Recall of Sentence**

Petitioner has filed a motion requesting this Court recall his sentencing enhancements pursuant to California Assembly Bill 2942. This bill revised California Penal Code Section 1170(d)(1) to give state prosecutors the ability to reevaluate past sentences and recommend sentence reductions. Because federal habeas relief is only available for "a violation of the Constitution or laws or treaties of the United States," *see* 28 U.S.C. § 2254(a), Petitioner's request will be denied. To the extent California Assembly Bill 2942 applies to his sentence, he must seek relief in state court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Petitioner's motion for recall of sentence is DENIED.

2.     Respondent's renewed motion to dismiss is DENIED. The denial is WITHOUT PREJUDICE. Respondent will be given an opportunity to re-file the motion and request an evidentiary hearing on Petitioner's entitlement to equitable tolling after the Court rules on the merits of Petitioner's claims. The Court will also consider scheduling such an evidentiary hearing on its own motion if it determines at a later date that such hearing is warranted.

3.     Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

---

[2] *Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (statute of limitations not jurisdictional).

1  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
2  trial record that have been transcribed previously and that are relevant to a determination of the
3  issues presented by the petition.
4      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
5  Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.
6      This order terminates Docket Nos. 31 and 37.
7      **IT IS SO ORDERED.**
8  Dated: 3/11/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge