UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH, <br> Petitioner, <br> v. <br> RONALD RACKLEY, <br> Respondent. | Case No. 17-cv-04222-HSG <br><br> **ORDER DENYING REQUEST TO AMEND ORDER AND FOR TRANSCRIPTS** <br><br> Re: Dkt. No. 44 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 9, 2019, Respondent filed an answer, along with a reporter's transcript of the underlying state trial proceedings, with the exception of a sealed transcript of a confidential *Marsden* hearing held on January 5, 2012. Dkt. Nos. 40–43; Dkt. No. 46 at 1. Petitioner has filed a motion requesting that the Court amend its March 11, 2019 Order (Dkt. No. 38) to require either the Court or Respondent to supplement the record with transcriptions of certain exchanges between the trial judge and jurors. Dkt. No. 44. Specifically, in the Court's March 11, 2019 Order, the Court ordered Respondent to file with the answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. Dkt. No. 38 at 4. Petitioner requests that the order be amended to require the Court to transcribe the following untranscribed portions of the record: the judge's cross examination of the black female juror that the judge dismissed; the cross-examination of all jurors; the comments made to jury during the jury trial, and the judge's threat that the jury should return a guilty verdict when the jury was deadlocked. Dkt. No. 44 at 2. Respondent states that he has filed with the Court all relevant transcripts received from the California Court of Appeal in conjunction with Petitioner's state trial and appeal, with the exception of the sealed January 5, 2012 *Marsden*

hearing. Dkt. No. 46 at 1. Respondent states that it is unlikely that Petitioner's request can be fulfilled because (1) it is unlikely that such comments were made by the trial judge since this issue was never raised by Petitioner's trial counsel or appellate counsel, and there is no indication, outside of Petitioner's allegations, that such comments were made; and (2) if the alleged proceedings were not transcribed, it is because they were not recorded and therefore there is nothing to transcribe.

Generally speaking, most criminal court proceedings are captured by a court reporter's notes and later transcribed for use on appeal. In the unlikely instance that a proceeding was not captured by a court reporter's notes, there would be no record of it and transcription would therefore not be possible. Here, there is nothing in the record, outside of Petitioner's allegation, that supports a finding that certain portions of the court reporter's notes were not transcribed. In the event that the court reporter did not record these interactions, transcription would not be possible. Accordingly, the Court DENIES Petitioner's request to amend the order to require transcription of these alleged exchanges between the judge and jurors without prejudice to re-filing this motion if Petitioner can make a colorable showing that such interactions took place and that the court reporter recorded the interactions.

This order terminates Dkt. No. 44.

**IT IS SO ORDERED.**

Dated: 6/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge