UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br>　　　Plaintiff,<br>　v.<br>RONALD RACKLEY,<br>　　　Defendant. | Case No. 17-cv-04222-HSG<br>**ORDER DENYING REQUEST FOR TRANSCRIPTS; GRANTING REQUEST FOR LEAVE TO FILE AMENDED PETITION**<br>Re: Dkt. Nos. 52, 55 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court are petitioner's "Motion to Object re: Dkt. 48", Dkt. No. 52, and petitioner's request that the Court consider a claim that the CDCR has incorrectly calculated his sentence by failing to take into account Propositions 36 and 47, Dkt. No. 55.

## BACKGROUND

The petition alleges the following claims for federal habeas relief: the trial court erred in denying petitioner's *Batson/Wheeler* motion; the trial court erred in excluding Dr. Moskowitz's December 2008 psychiatric report; petitioner was prejudiced by the victim's references to his custodial status and prior imprisonment; the trial court erred in admitting evidence of prior domestic violence; the trial court erred in allowing his Montana prior conviction to qualify as a strike; the trial court violated Cal. Penal Code § 654 when it imposed consecutive sentences; the trial court erred in denying his motion for a new trial based upon newly discovered evidence; cumulative error; and sentencing error on the basis of a false conviction. Dkt. No. 1.

On May 9, 2019, respondent filed an answer, along with a reporter's transcript of the underlying state trial proceedings, with the exception of a sealed transcript of a confidential *Marsden* hearing held on January 5, 2012. Dkt. Nos. 40–43; Dkt. No. 46 at 1.

**DISCUSSION**

**I. Request for Transcripts**

Petitioner has filed a "Motion to Object re Dkt. 48," stating that he has not received the transcripts ordered, specifically the sealed transcripts for the January 5, 2012 *Marsden* hearing. Dkt. No. 52. Petitioner argues that the January 5, 2012 hearing would prove that the trial judge was objectively unreasonable in denying his request for a change of venue due to racial discrimination.[1] Docket No. 48 is the Court's June 28, 2019 order denying petitioner's request that the Court amend its March 11, 2019 Order (Dkt. No. 38) to require that either the Court or respondent supplement the record with transcriptions of certain exchanges between the trial judge and jurors that he alleged were not transcribed. Dkt. No. 44. In its June 28, 2019 order, the Court denied the request because it found that there was nothing in the record, outside of petitioner's allegation, that supported a finding that certain portions of the court reporter's notes were not transcribed and that, in the event that the court reporter did not record these exchanges, transcription would not be possible. Dkt. No. 48.

To the extent that petitioner is seeking reconsideration of the Court's June 28, 2019 Order, the Court DENIES plaintiff leave to file a motion for reconsideration. No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* N.D. Cal. Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* N.D. Cal. Civil L.R. 7-9(b). Petitioner has not addressed any of these factors, and his repeated conclusory allegations that the respondent is withholding the transcription of such exchanges are not a basis for granting

---

[1] In essence, petitioner's allegation is that certain exchanges took place that demonstrate the judge's racial bias, and that respondent is withholding the transcription of such exchanges.

2

reconsideration of the Court's June 28, 2019 order.

To the extent that petitioner is requesting the transcript of the January 5, 2012 *Marsden* hearing, this request is DENIED. The habeas petition does not contain claims relying on the *Marsden* hearing, does not contain a challenge to the trial court's denial of a change of venue, and does not allege judicial bias.[2] The transcript of the January 5, 2012 *Marsden* hearing is unrelated to the claims raised in the instant action.

## II. Request for Leave to Amend Petition

Petitioner has requested that the Court consider his claim that the CDCR has incorrectly calculated his sentence by failing to take into account Propositions 36 and 47.[3] The Court construes this request as a request for leave to amend the petition. Piecemeal amendment of a petition by filing separate pleadings raising separate claims is not appropriate. However, the Court will GRANT petitioner leave to amend his petition to raise this claim. If petitioner wishes to raise this claim, he must file an amended petition that raises both this claim and the claims already raised. Amendment of a petition constitutes waiver of any omitted arguments or claims from previous versions of the petition. See *Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008) (filing of new petition cancels out and waives any claims from old petition). If petitioner chooses to file an amended petition, the answer filed by respondent and the traverse filed by petitioner will be rendered moot. Within **twenty-eight (28) days** from the date of this order, petitioner shall file an amended petition. If petitioner fails to file an amended petition by this date, this action will proceed on the original petition (Dkt. No. 1).

## CONCLUSION

For the foregoing reasons, petitioner's request for reconsideration of the Court's June 28,

---

[2] To the extent that petitioner is claiming that the judge sealed the *Marsden* hearing to cover up his racial bias, the Court notes that in 2012, when the *Marsden* hearing was held, Cal. R. Ct. 8.328(b) required that the reporter's transcript of *Marsden* hearings be kept confidential. Cal. R. Ct. 8.328(b) (2012).

[3] It is unclear if petitioner has exhausted this claim. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court, even if review is discretionary. *See* 28 U.S.C. § 2254(b).

3

1   2019 order is DENIED (Dkt. No. 52), petitioner's request for the January 5, 2012 *Marsden*

2   hearing is DENIED (Dkt. No. 52), and petitioner's request for leave to amend his petition is

3   GRANTED (Dkt. No. 55).  Within **twenty-eight (28) days** from the date of this order, petitioner

4   shall file an amended petition.  If petitioner fails to file an amended petition by this date, this

5   action will proceed on the original petition (Dkt. No. 1).  The Clerk shall send petitioner two

6   copies of the court's form habeas petition.

7       This order terminates Dkt. Nos. 52 and 55.

8       **IT IS SO ORDERED.**

9   Dated: 1/2/2020

10  _____

11  HAYWOOD S. GILLIAM, JR.
    United States District Judge