UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br>    Petitioner,<br>    v.<br>RONALD RACKLEY,<br>    Respondent. | Case No. 17-cv-04222-HSG<br><br>**ORDER DENYING REQUEST TO AMEND PETITION TO ADD CLAIM OF SENTENCING ERROR**<br><br>Re: Dkt. No. 65 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is petitioner's request that the Court amend his petition to add a claim of sentencing error. Dkt. No. 65. Petitioner has filed an amended petition that contains only the claim that the California Department of Corrections and Rehabilitation ("CDCR") erred in calculating his sentence when it failed to remove the five-year enhancement. Dkt. No. 66. Petitioner's request that the Court amend his petition for him by considering the sentencing calculation error claim set forth in Dkt. No. 66 in addition to the claims set forth in the operative petition, docketed at Dkt. No. 1, is DENIED for the reasons set forth below.

**DISCUSSION**

The operative petition before the Court alleges the following claims for federal habeas relief: the trial court erred in denying petitioner's *Batson/Wheeler* motion; the trial court erred in excluding Dr. Moskowitz's December 2008 psychiatric report; petitioner was prejudiced by the victim's references to his custodial status and prior imprisonment; the trial court erred in admitting evidence of prior domestic violence; the trial court erred in allowing petitioner's Montana prior conviction to qualify as a strike; the trial court violated Cal. Penal Code § 654 when it imposed consecutive sentences; the trial court erred in denying petitioner's motion for a new trial based

1  upon newly discovered evidence; cumulative error; and sentencing error on the basis of a false

2  conviction.  Dkt. No. 1.

3        On November 14, 2019, petitioner filed a motion requesting that the Court consider the

4  claim of sentencing error raised in the amended petition, specifically, that the CDCR erred in

5  calculating his sentence when it failed to remove the five-year enhancement.  Dkt. No. 55.  On

6  January 2, 2020, the Court denied this motion but granted petitioner leave to file an amended

7  petition, instructing as follows:

> Petitioner has requested that the Court consider his claim that the CDCR has incorrectly calculated his sentence by failing to take into account Propositions 36 and 47. [FN 3] The Court construes this request as a request for leave to amend the petition. Piecemeal amendment of a petition by filing separate pleadings raising separate claims is not appropriate. However, the Court will GRANT petitioner leave to amend his petition to raise this claim. If petitioner wishes to raise this claim, he must file an amended petition that raises ***both this claim and the claims already raised***. Amendment of a petition constitutes waiver of any omitted arguments or claims from previous versions of the petition. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008) (filing of new petition cancels out and waives any claims from old petition).
>
> FN 3: It is unclear if petitioner has exhausted this claim. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court, even if review is discretionary. *See* 28 U.S.C. § 2254(b).

17  Dkt. No. 56 (emphasis added).  In other words, the Court cannot amend the petition for petitioner

18  by considering two petitions together, i.e. by considering Dkt. No. 1 and Dkt. No. 66 together.

19  There can only be one operative petition in the docket.  Currently the operative petition is Dkt. No.

20  1.[1]  Accordingly, the Court DENIES petitioner's request to amend the petition at Dkt. No. 1 by

---

[1] If petitioner wishes for the amended petition at Dkt. No. 66 to be the operative petition, this would result in the petition at Dkt. No. 1 no longer being operative and would waive the claims raised in Dkt. No. 1 because these claims are not raised in Dkt. No. 66.  If the amended petition at Dkt. No. 66 were to become the operative petition, this action would proceed on only the claim presented in Dkt. No. 66: the CDCR erred in calculating petitioner's sentence when it failed to remove the five-year enhancement from his sentence.  If petitioner wishes for the Court to consider the nine claims raised in his initial petition and the claim that the CDCR has erred in failing to remove the five-year enhancement from his sentence, he must file an amended petition that lists all of these claims in the same petition.  In other words, his amended petition would need to list all of these claims in the same petition:  the trial court erred in denying petitioner's *Batson*/*Wheeler* motion; the trial court erred in excluding Dr. Moskowitz's December 2008 psychiatric report; petitioner was prejudiced by the victim's references to his custodial status and prior imprisonment; the trial court erred in admitting evidence of prior domestic violence; the trial court erred in allowing petitioner's Montana prior conviction to qualify as a strike; the trial court

considering both the claims raised in Dkt. No. 1 and the claim raised in Dkt. No. 66.

The Court originally granted petitioner leave to file an amended petition that would list all the claims in the original petition and the claim that the CDCR erred in failing to remove the five-year enhancement from his sentence. Dkt. No. 56. However, it is clear from petitioner's most recent filings that he has not exhausted this new claim. In fact, petitioner has not raised this claim in any state court. *See* Dkt. No. 56 at 5-6. To exhaust this claim in the state courts, petitioner must file a habeas petition alleging this claim in a manner that allows the highest state court a fair opportunity to rule on the merits of this claim. *See* 28 U.S.C. § 2254(b). Letters to California Governor Newsom and raising this issue in the prison grievance system does not constitute exhaustion of state court remedies as required by 28 U.S.C. § 2254(b). The Court therefore DENIES petitioner leave to amend to file an amended petition alleging that the CDCR erred in failing to remove the five-year enhancement from his sentence without prejudice to re-filing this motion after exhausting state court remedies.

## CONCLUSION

For the reasons set forth above, the Court DENIES petitioner's request that the Court amend his petition and add the claim of sentencing error raised in Dkt. No. 66 to the claims raised in the operative petition, docketed at Dkt. No. 1. Dkt. No. 65. The Court also DENIES petitioner's request for leave to file an amended petition alleging that the CDCR erred in failing to remove the five-year enhancement from his sentence without prejudice to re-filing this motion after exhausting state court remedies for this claim. Dkt. No. 1 remains the operative petition.

This order terminates Dkt. No. 65.

**IT IS SO ORDERED.**

Dated:   4/29/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

violated Cal. Penal Code § 654 when it imposed consecutive sentences; the trial court erred in denying petitioner's motion for a new trial based upon newly discovered evidence; cumulative error; sentencing error on the basis of a false conviction; and the CDCR erred in failing to remove the five-year enhancement from his sentence.

3