UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br>    Petitioner,<br>v.<br>RONALD RACKLEY,<br>    Respondent. | Case No. 17-cv-04222-HSG<br><br>**ORDER DENYING REQUEST FOR ASSISTANCE**<br><br>Re: Dkt. No. 68 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a letter with the Court, alleging that he has been placed in administrative segregation in retaliation for his attempting to amend his petition to add a claim of sentencing error and that prison officials are refusing to release his court mail and legal mail. Dkt. No. 68. Petitioner requests "assistance/court enforcement." *Id.*

Petitioner's request for court assistance is DENIED. Dkt. No 68. To the extent that petitioner seeks redress for, or remedy with respect to, the alleged retaliation, the alleged unjustified placement in administrative segregation, and the denial of access to his legal and court mail, these are claims that challenge his conditions of confinement and must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus; challenge to circumstances of confinement may be brought under section 1983); *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (section 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Petitioner's request is therefore DENIED without prejudice to raising these claims in a civil action pursuant to 42 U.S.C. § 1983. The Clerk shall

1 send petitioner two copies of a civil rights complaint form.

2     This order terminates Dkt. No. 68.

3     **IT IS SO ORDERED.**

4 Dated: 5/13/2020

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

2