UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS C. HOUSH,<br><br>    Petitioner,<br><br>v.<br><br>RONALD RACKLEY,<br><br>    Respondent. | Case No. 17-cv-04222-HSG<br><br>**ORDER DENYING REQUEST TO SUBMIT NEW EVIDENCE; GRANTING REQUEST FOR STATUS UPDATE**<br><br>Re: Dkt. No. 73 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Marin County Superior Court. Petitioner has filed a letter with the Court, requesting a status update, asking to submit a July 8, 2020 letter from his former public defender as "newly discovered evidence" that his case involved significant racial issues, alleging that the prison has not allowed him access to the law library to work on this case, and alleging that California Medical Facility has been turning his mail away. *Id.*

Petitioner's request for a status update is GRANTED. The Court will send him a copy of the docket sheet under separate cover.

Petitioner's request to submit "newly discovered evidence" is DENIED. First, his former public defender's letter is not evidence of racial issues during his trial. Second, even if this letter could constitute evidence, it may not be considered on habeas review because it was not before the state court when the state court adjudicated the claims presented in the instant petition. A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that new evidence presented at evidentiary hearing cannot be considered in assessing whether state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1)).  Therefore, a federal court generally is precluded from analyzing whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court. *See Pinholster*, 563 U.S. at 182-83.  This letter was not before the state court when it adjudicated the claims presented in the instant petition.

The instant petition is fully briefed and there are no pending briefing deadlines in this action.  Petitioner does not require access to the law library to comply with briefing obligations in this action.

To the extent that petitioner seeks redress for, or remedy with respect to, the denial of access to the law library and his mail, these are claims that challenge his conditions of confinement and must be brought in a civil rights action pursuant to 42 U.S.C. § 1983. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus; challenge to circumstances of confinement may be brought under section 1983); *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (section 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).  If petitioner so wishes, he may raise these claims in a civil action pursuant to 42 U.S.C. § 1983.  The Clerk shall send petitioner two copies of a civil rights complaint form.

This order terminates Dkt. No. 73.

**IT IS SO ORDERED.**

Dated: 9/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

2